IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ELLIOTT WARNER, | ) |
| | ) |
| | ) 2:24-CV-01436-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WHOLE FOODS MARKET GROUP, INC., | ) |
| WHOLE FOODS MARKET IP, LP, | ) |
| | |
| Defendants, | |

OPINION

Plaintiff, Elliot Warner, brings the within negligence action against Defendants, Whole Foods Market Group, Inc. and Whole Foods Market IP, LP. (ECF No. 1-2). Pursuant to 28 U.S.C. § 1446(c)(2), Whole Foods removed this action from the Allegheny County Court of Common Pleas based upon diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1). Mr. Warner now moves for remand. (ECF No. 2). Following review of Mr. Warner's Motion (ECF No. 2), the respective briefs (ECF Nos. 6 and 8), the matter is now ripe for consideration.

In moving for remand, Mr. Warner maintains that Whole Foods's removal was untimely. Whole Foods contends that remand must be denied because Mr. Warner's attempted service of process by certified mail, return receipt only, was deficient pursuant to Pa. R. Civ.P 403 and 424. Therefore, Whole Foods asserts that, because of the deficient service under state procedural rules, its removal was timely pursuant to 28 U.S.C. § 1446(b). In response, Mr. Warner now stipulates that his damages do not exceed the diversity jurisdictional threshold of $75,000. (ECF No. 8-1).

A civil action may be removed from state court to federal district court if the latter has original jurisdiction to hear the case. 28 U.S.C. § 1441(a). District courts have original

jurisdiction over all civil matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). When removal is premised on diversity jurisdiction, "[t]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," unless the state "does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2). If state law permits recovery in excess of the amount demanded in the complaint, removal is proper if the defendant proves, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id*.

In determining whether the amount in controversy exceeds $75,000, district courts must apply the "legal certainty" test. *Samuel–Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir.2004). Under this standard, "[t]he case will be dismissed only if from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *Id*. at 194 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)) (internal quotation marks omitted).

In *Angus v. Shiley, Inc.,* 989 F.2d 142 (3d Cir.1993), the Third Circuit held that a post-removal stipulation that damages do not exceed the jurisdictional amount "has no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." *Id.* at 145. However, *Angus* noted that if "a complaint is ambiguous as to the damages asserted and the controversy seems small," then the trial court *"*justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading.*" Id.* at n. 3.

Here, Mr. Warner's Complaint, as originally filed in the Allegheny County Court of Common Pleas, provided for damages in excess of $50,000. (ECF No. 1-1). Because Mr. Warner's damages claim did not provide for any upper limit, the Complaint is ambiguous as to whether Mr. Warner is seeking in excess of $75,000, the jurisdictional limit for diversity jurisdiction. "Under the Pennsylvania Rules of Civil Procedure, in a claimant's *ad damnum* clause seeking unliquidated damages ... the claimant 'shall not claim any specific sum.' " *Berry v. Wal-Mart Stores, E., L.P.*, 583 F. Supp. 3d 671, 678 (E.D. Pa. 2022) (quoting Pa. R. Civ. P. 1021(b)). Accordingly, "the plaintiff can only request damages in excess of or less than the amount for determining eligibility for arbitration." *Andrews*, 2021 WL 5042460, at *1 (internal quotation marks and citation omitted). Based in part on Mr. Warner's ad damnum clause, an ambiguity in the damages claimed, and his counsel's refusal to return a stipulation regarding the amount in controversy, Whole Foods moved for removal. However, now that Mr. Warner has stipulated to an amount in controversy that his damages do not exceed $74,999.99, this Court can now determine, with a legal certainty, that the amount in controversy component for diversity jurisdiction is not met. Therefore, remand is appropriate.

Accordingly, following consideration of the foregoing, Mr. Warner's Motion for Remand will be granted. A separate order will follow.

DATED this 20th day of November, 2024.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

3